IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA R. HAMLIN,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>        Defendant. | 4:24CV3031<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $6,318.20 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Filing No. 28-1. This amount requested is for 1 hour of attorney work performed in 2023 at an hourly rate of $245.00 and 24.10 hours of attorney work performed from 2024 through 2025 at an hourly rate of $252.00. Defendant does not support nor object to an award of attorney fees in this amount. Filing No. 29.

      This Court issued its Memorandum and Order, reversing and remanding this case to the Commissioner to award benefits to Plaintiff. Filing No. 26. Judgment was then entered in favor of the Plaintiff. Filing No. 27. The Commissioner did not appeal this Court's ruling.

      "The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (citing

---

[1] Frank Bisignano was sworn in on May 7, 2025, as the new Commissioner of Social Security replacing acting commissioner, Michelle King.

28 U.S.C. §2412(d)(1)(A)–(2)(B)).  Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which is to "eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Astrue v. Ratliff*, 560 U.S. 586, 599 (2010) (Sotomayor, J., concurring) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).  "The burden of establishing 'that the position of the United States was substantially justified' . . . must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (quoting 28 U.S.C. § 2412(d)(1)(A)).  To establish substantial justification, the Commissioner must show that the denial of benefits had "a clearly reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

A cost-of-living increase is specifically mentioned in the EAJA as a factor that justifies a fee greater than $125.00 per hour.  28 U.S.C.A. § 2412(d)(2)(A)(ii).  Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii).  The Plaintiff has met this burden.  *See* Filing No. 28-1.

The plaintiff herself, and her attorney, is the "prevailing party" contemplated by the EAJA.  *See Astrue*, 560 U.S. at 594.  However, if the United States Treasury Department determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of the EAJA fees and pay such fees directly to plaintiff's attorney. *Id.* at 597–98.  Lower courts, including those in this district, have continued to order payment

of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. See Mathews-Sheets v. Astrue, 653 F.3d 560, 565 (7th Cir. 2011); *Shenk v. Berryhill*, No. 8:17CV279, 2-19 WL 2191792, at *3 (D. Neb. May 21, 2019).

The Court finds that the plaintiff has satisfied the prerequisites for an award of allowable fees under the EAJA, and her motion should be granted. The Court has determined the plaintiff is a "prevailing party" within the meaning of the EAJA. Plaintiff states she is worth less than $2,000,000.00. Filing No. 28-2. Further, the Court finds Counsel's dedication to the time and hourly rates are reasonable and finds this is a reasonable fee for work of this nature in this community.

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion for attorney fees, Filing No. 28, is granted. The Social Security Administration is ordered to pay attorney fees in the amount of $6,318.00.
2. The EAJA is payable to the plaintiff as the litigation may be subject to offset any pre-existing debt that the litigant may owe to the United States. Astrue, 560 U.S. 586.
3. A Judgment in accordance with this Memorandum and Order shall issue this date.

Dated this 28th day of July, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge